IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLOTTE HOWELL FOR <br> KATIE HOWELL, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN,[1] <br> Commissioner of <br> Social Security <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 12-415 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

AMBROSE, U.S. Senior District Judge

**OPINION
AND
ORDER**

I. Synopsis

Plaintiff Charlotte Howell filed this action on behalf of Claimant Katie Howell, her daughter and a child under the age of 18, seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Claimant supplemental security income ("SSI") under the Social Security Act. Pending before the Court are cross-motions for Summary Judgment. ECF Nos. [12] (Plaintiff) & [14] (Defendant). Both parties have filed Briefs in Support of their Motions. ECF Nos. [13] (Plaintiff) & [15] (Defendant). Plaintiff also filed a Reply brief. ECF No. [16]. After careful consideration of the submissions of the parties, and based on my Opinion, as set forth below, I GRANT Defendant's Motion for Summary Judgment [14] and DENY Plaintiff's Motion for Summary Judgment [12].

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), when a public officer who is party to a case in his official capacity ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Accordingly, Carolyn W. Colvin is substituted for named defendant Michael J. Astrue.

1

II. Background

Plaintiff protectively filed an application for SSI for Claimant on May 5, 2009.[2] Pl.'s Br. 1. After a February 22, 2011 hearing, at which Claimant and her mother testified, on June 9, 2011, an Administrative Law Judge ("ALJ") issued a decision finding that Claimant was not disabled under the Social Security Act. *Id.* Upon exhausting all of her administrative remedies thereafter, Plaintiff filed this action. As the parties have filed cross-motions for Summary Judgment, the issues are now ripe for review.

III. Legal Analysis

*A. Standard of Review*

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the

---

[2] The ALJ noted that Plaintiff filed a prior application on behalf of Claimant for SSI on October 30, 2006. ALJ's Op., ECF No. 6, 10 n.1. That application was denied at the initial level on February 8, 2007. *Id.* Because Plaintiff's current application alleges that Claimant has been disabled since September 1, 2006, *see* Pl.'s Reply 2, an onset date that overlaps with her prior application that the Commissioner already reviewed and issued a final decision denying disability, the ALJ also construed Plaintiff's current appeal as a request to reopen the prior application. ALJ's Op., ECF No. 6, 10 n.1. Relying on administrative *res judicata*, the ALJ declined to reopen the prior application. *Id.*; *see also* 20 C.F.R. 416.1487(a).

factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924(d). 20 C.F.R. § 416.924. An impairment functionally equals a listed impairment if the child has "marked" limitations[3] in two domains of functioning or an "extreme" limitation[4] in one domain. 20 C.F.R. § 416.926(a). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers the following: whether the impairment(s) affect the claimant's functioning and whether the claimant's activities are typical of other children of the same age who do not have

---

[3] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[4] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

impairments; the activities that the claimant is able to perform; activities that the claimant is unable to perform; which of the claimant's activities are limited or restricted compared to other children of the same age who do not have impairments; where the claimant has difficulty with activities—at home, in childcare, at school, or in the community; whether the claimant has difficulty independently initiating, sustaining, or completing activities; and what kind of help the claimant needs in order to do activities, including how much and how often help is needed. 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that the Claimant has not engaged in substantial gainful activity and has severe impairments,[5] but he determined that she did not have an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924(d). ALJ's Op., ECF No. 6, 13-28. As a result, the ALJ found that Claimant was not disabled under the Act.

B. *The Relevant Time Period*

As noted above, Plaintiff's current application for SSI on behalf of Claimant alleges a disability onset date that overlaps with the time period of a prior application, which was denied. ALJ's Op., ECF No. 6, 10 n.1. The prior application was fully adjudicated and the Commissioner's decision became final on February 8, 2007. *Id.* Since the ALJ declined to reopen the prior application, even if he had found Claimant disabled, her SSI eligibility would not have begun until June 1, 2009 because SSI income is not payable until the first month following the date on which an application was filed. 20 C.F.R. § 416.335. Nevertheless, the ALJ considered Claimant's complete medical history and discussed some of the evidence prior to the date that the first application became final for "historical and contextual purposes only."

---

[5] The ALJ found Claimant has the following severe impairments: attention deficit hyperactivity disorder, depressive disorder, not otherwise specified, and anxiety. ALJ's Op., ECF No. 6, 13.

4

ALJ's Op., ECF No. 6, 10 n.1; *see* 20 C.F.R. § 416.912(d) (explaining an ALJ must "develop [a claimant's] complete medical history for at least the 12 months preceding the month in which [he filed] an application unless there is a reason to believe that development of an earlier period is necessary").

Plaintiff asserts that the ALJ was obligated to consider all of Claimant's medical history starting from her alleged disability onset date (September 1, 2006) in ruling on her current application for SSI, regardless of her payment eligibility date. Pl.'s Reply 2. Plaintiff does not address the effect of the denial of her prior application. *Id.* However, the ALJ's decision not to reopen the previous application in no way prohibited him from reviewing, for the purposes of evaluating Claimant's most recent application, evidence of Claimant's medical conditions prior to the denial of the first application. *Ogden v. Bowen*, 677 F. Supp. 273, 275-76 (M.D. Pa. 1987). Accordingly, because the ALJ did not reopen Plaintiff's prior application due to administrative *res judicata*, I find that he properly did not address the merits of Claimant's disability status prior to February 8, 2009 (the date the determination on Claimant's first application became final).

C. *Whether the ALJ Erred in Finding Claimant's Migraine Headaches Not a "Severe" Impairment*

Plaintiff asserts that the ALJ should have found Claimant's migraine headaches to be a "severe" impairment. Pl.'s Br. 12. The ALJ determined Claimant's headaches are not a "severe" impairment due to a lack of supporting medical evidence showing a limitation in functionality for the durational requirement since November 2008. ALJ's Op., ECF No. 6, 13. I find there is substantial evidence of record to support this conclusion. As the ALJ noted, the record contains no medical evidence showing that Claimant continues to suffer from headaches.

5

ECF No. 6, 281-352. Moreover, Claimant's school records do not document any difficulties with headaches. ECF No. 6, 188-221 & 230-276. Although Claimant's mother reported continued headaches, she testified that they go away with ibuprofen. ECF No. 6, 57. Accordingly, I find no error at this step.[6]

> D. *Whether the ALJ Erred in Determining that Claimant Did Not Meet an Impairment in Appendix I, Subpart P, Regulation No. 4*

Plaintiff argues that the ALJ erred in concluding that Claimant does not meet the listing of impairments at Appendix I, Subpart P, Regulation No. 4. Pl.'s Br. 13. Specifically, Plaintiff argues that the ALJ did not analyze the medical records when evaluating whether Claimant's impairments meet or equal the Listings at §§ 112.04 (mood disorders), 112.06 (anxiety disorders), and 112.11 (Attention Deficit Hyperactivity Disorder) and argues that Claimant does have marked impairments in social functioning and concentration, persistence, or pace. However, I find no error in the ALJ's finding.

To reiterate, the standard of review is not whether there is evidence to establish the Plaintiff's position but, rather, whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Here, the ALJ reasoned that because Claimant "is well behaved in school and is receiving good grades" the record does not support a finding that Claimant has marked limitations in any of the functional categories, as is necessary to meet the listing requirements, and more fully discussed his reasoning when explaining why Claimant's sever impairments also do not functionally equal the listings. ALJ's Op., ECF No. 6, 14.[7] I find

---

[6] I find the record does not support the ALJ's reliance on the fact that Claimant did not testify that she suffered from headaches as evidence (or lack thereof) of their severity because Claimant was never asked about headaches. ECF No. 6, 35-54. Regardless, I find the ALJ otherwise relied on substantial evidence of record at this step.
[7] After stating the requirements for meeting the listings found in Parts A and B of Appendix 1, the ALJ stated:
> As is thoroughly discussed below, the claimant is well behaved in school and is receiving good grades. (Exhibits 4E, 5E, 8E, 9E, 10E). In reference to the discussion to the evidence below, the

no error in this manner of review.[8]  Further, I find the record supports the ALJ's analysis that Claimant is able to function socially because she answers her teacher's questions, there are no school reports of behavioral difficulties, she interacts with her tutor, she has willingly interacted during past therapy and psychiatric sessions, and she has at least one good friend with whom she enjoys talking on the telephone.  ALJ's Op., ECF No. 6, 17, 20, & 24.  Similarly, I find that the ALJ's reasons for finding that Claimant does not have marked difficulties in maintaining concentration, persistence, or pace are grounded in the record.  *Id.* at 19 (Claimant is doing well in school with the help of a tutor, she attends mainstream classes without receiving special assistance, she answers teacher's questions, and difficulties with concentration and depression have improved with Wellbutrin, as prescribed by her primary care physician).  Because the ALJ explained his reasons for finding that Claimant's impairments do not meet the listing requirements, and his reasons are supported by the record, I find no error.

   *E. Whether the ALJ Erred in Finding That Complainant Does Not Have an Impairment or Combination of Impairments That Functionally Equal the Listings*

Plaintiff asserts that the ALJ erred during his assessment of whether Claimant's impairments functionally equal a listed impairment because he found that Claimant does not have marked impairments in the domains of attending and completing tasks and interacting and relating with others.  Pl.'s Br. 18-19.  To functionally equal the listings, a claimant's impairments must result either in marked limitations in two domains (of the six) or an extreme limitation in

---

record does not support a finding that the claimant had marked limitations in any functional category.  Therefore, she does not meet the requirements of the above-mentioned listings."
ALJ's Op., ECF No. 6, 14.
[8] I disagree with Plaintiff that this case is analogous to *Burnett v. Comm. of Soc. Sec.*, 200 F.3d 112 (3d Cir. 2000). Here, the ALJ clearly engaged in a detailed and comprehensive analysis which allowed for meaningful review of his decision.

one domain. 20 C.F.R. § 416.926a(d). Here, the ALJ found that the Claimant does not have marked or extreme limitations in any of the six domains. ALJ's Op., ECF No. 6, 21-28.

In the domain assessing Claimant's ability to attend and complete tasks, the ALJ found Claimant has less than marked limitation. *Id.* at 23. Plaintiff asserts that the evidence shows that Claimant is unable to focus her attention in a variety of situations where school-age children without impairments are able to do so, as listed in the Social Security Rules. Pl.'s Br. 19; *see* 20 C.F.R. § 416.926a(h)(2)(iv). Plaintiff argues that the evidence shows that Claimant is unable to focus in some of the situations cited by the ALJ. Pl.'s Br. 19. However, as explained above, the standard is not whether the record substantiates a different finding in favor of a claimant. The standard is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Upon review of the record, I find there is substantial evidence to support the ALJ's decision. *See* ECF No. 6, 188-221 (showing Complainant is doing well in school); 289 (treating psychiatrist's progress notes state: "It's working" and find Complainant's focus and happiness has improved with medication); & 303 (state agency psychologist finds Claimant has less than marked limitation in attending and completing tasks). Accordingly, there is no error in the ALJ's finding at this domain.

Regarding the domain assessing Claimant's limitations in relating with others, the ALJ found Claimant has no limitation. ALJ's Op., ECF No. 6, 23-25. Again, Plaintiff confuses the standard of review and asserts that the evidence supports a finding that Claimant has marked impairments within this domain. *See* Pl.'s Br. 20-21. My review of the record finds substantial evidence in support of the ALJ's finding of no limitation in Claimant's ability to interact and relate with others. *See* ECF No. 6, 34-53 (Complainant initially nervous and shy when testifying at ALJ hearing but able to communicate in an age-appropriate manner; Complainant's testimony

8

showed that she is able to have at least one friend her own age, answer questions while in class, spend time with her family, attend school and travel between classes, and successfully interact with a tutor for assistance with homework[9]); 293 (Complainant eager participant in psychiatric treatment sessions; willing to try different things, like role play); & 303 (state agency psychologist stating that Complainant has no behavioral problems at school and finding Complainant has less than marked limitations in interacting and relating with others). Accordingly, I find no error in this respect.

IV. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find that substantial evidence exists to support the ALJ's conclusion that Claimant is not disabled within the meaning of the Social Security Act. As a result, I DENY Plaintiff's motion for Summary Judgment, and I GRANT Defendant's motion for Summary Judgment.

---

[9] Because the ALJ had the opportunity to observe the claimant's demeanor and credibility, and given the evidence presented in the record, the ALJ's findings in this regard are entitled to great weight. *See, e.g., Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 765 (3d Cir. 2009).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLOTTE HOWELL FOR )
KATIE HOWELL, )
 )
    Plaintiff, )
 ) Civil Action No. 12-415
    v. )
 )
CAROLYN W. COLVIN, )
Commissioner of )
Social Security )
 )
    Defendant.

AMBROSE, U.S. Senior District Judge

## ORDER OF COURT

AND NOW, this 12th day of March, 2013, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. [12]) is DENIED and Defendant's Motion for Summary Judgment (Docket No. [14]) is GRANTED. The administrative decision of the Commissioner of Social Security is hereby AFFIRMED.

                                            BY THE COURT:

                                            /s/ Donetta W. Ambrose____
                                            Donetta W. Ambrose
                                            U.S. Senior District Judges